UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                                                   :     CIVIL ACTION NO. 23-cv-11014
                                                                         :     ECF CASE
                                                                         :
                                                                         :
                                                                         :     COMPLAINT
            **Plaintiff,**                                     :
                                                                         :     JURY TRIAL DEMANDED
                                                                         :
                                                                         :
            v.                                                       :
                                                                         :
                                                                         :
                                                                         :
LEACHGARNER, INC. d/b/a                          :
"LEACHGARNER, A BERKSHIRE
HATHAWAY COMPANY"

            **Defendant.**
------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963 ("EPA") to correct unlawful discrimination on the basis of sex and to provide appropriate relief to female employees who have been affected. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant LeachGarner, Inc. d/b/a LeachGarner, A Berkshire Hathaway Company ("LeachGarner"), from January 2017 through the present, engaged in a pattern or practice of discrimination against female employees because of sex for production positions at its Attleboro, Massachusetts facility by segregating jobs by sex and by paying female production workers less than male production workers, despite performing similar and comparable manufacturing work, on the basis of sex.  EEOC further alleges that LeachGarner violated the EPA by paying female production workers less than male production workers who

1

worked within the same job title and who had substantially equal responsibilities and tenure with the company.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(c) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) and 2000e-6(c) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action is further authorized and instituted pursuant to 29 U.S.C. §§216-217, to enforce the requirements of the Equal Pay Act of 1963, as amended, codified at 29 U.S.C. § 206(d) *et seq.* ("EPA").

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Equal Pay Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707(c) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), (3), and 2000e-6(c) and by Sections 16(c) and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§216-217, as amended by Section I of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705 .

4.      At all relevant times, LeachGarner, a corporation under the laws of Delaware, has continuously been doing business in the State of Massachusetts and the City of Attleboro, and has continuously had at least 15 employees.

5. At all relevant times, LeachGarner has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, LeachGarner has acted directly or indirectly as an employer in relation to employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has employees engaged in commerce or in the production of goods for commerce.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, an EEOC Commissioner's charge was filed against LeachGarner alleging violations of Title VII; and more than thirty days prior to the institution of this lawsuit, a charge was filed by the Director of EEOC's Boston Area Office alleging violations of the EPA.

9. On November 21, 2022, the Commission issued to LeachGarner a Letter of Determination finding reasonable cause to believe that LeachGarner was in violation of Title VII and the EPA and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with LeachGarner to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from LeachGarner a conciliation agreement acceptable to the Commission.

12. On February 8, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least January 1, 2017 and continuing through the present at its Attleboro, Massachusetts facility, LeachGarner has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, at 42 U.S.C. § 2000(e)-2(a)(1), by engaging in a pattern or practice of paying female manufacturing employees less than male manufacturing employees despite such female manufacturing employees performing similar work. These unlawful employment practices include:

(a) LeachGarner, on a routine and ongoing basis, has assigned female manufacturing employees to lower-paying job titles and male manufacturing employees to higher-paying manufacturing job titles, based on sex. These sex-based assignments resulted in nearly half the manufacturing job titles having no or very few female employees, with female manufacturing employees being concentrated in a small number of job titles. The LeachGarner manufacturing positions that exclusively or nearly exclusively were populated with male employees paid significantly more than the manufacturing positions that exclusively or nearly exclusively were populated with female employees, even though such manufacturing employees performed similar work and even though LeachGarner trained all manufacturing employees from the ground up before they were allowed to operate or utilize any LeachGarner machinery.

(b) LeachGarner has utilized staffing agencies to supply its manufacturing workforce. In communications with staffing agencies, LeachGarner routinely expressed a preference to

4

such staffing agencies—using direct or coded language—for male workers for higher paying manufacturing positions. For example, a LeachGarner Human Resources manager wrote to a staffing firm that "a man would be better" for a certain vacancy or that LeachGarner would prefer to "try a man" for other vacancies. And when hiring for male-dominated positions, LeachGarner also would transmit to staffing agencies thinly-veiled requests for male candidates, such as the applicant "needs to be strong" or the position involves an "arm workout," whereas job vacancies in female-dominated positions were described to staffing agencies as requiring "good finger dexterity."

(c)  When replacing manufacturing workers who left employment with the company, LeachGarner almost always ensured that a new male employee would replace a departing male employee and that a new female employee would replace a departing female employee.

(d)  The result of the discriminatory practices set forth in paragraphs 14(a)-(c) above is that compensation--including both starting salaries and raises--for LeachGarner's female manufacturing employees has been and continues to be statistically significantly lower than compensation for similarly situated male manufacturing employees performing similar work, including when accounting for tenure at the company.

15. Since at least January 1, 2017 and continuing through the present at its Attleboro, Massachusetts facility, LeachGarner has engaged in unlawful employment practices in violation of Section 703(a)(2) of Title VII, at 42 U.S.C. § 2000(e)-2(a)(2), by engaging in a pattern or practice of segregation of its manufacturing workforce by sex, resulting in compensation of female manufacturing employees being less than similarly situated male manufacturing employees, as set forth in detail in paragraphs 14(a)-(d) above.

16. The effect of the practices complained of in paragraphs 14-15 above has been to deprive female manufacturing employees at LeachGarner's Attleboro, Massachusetts facility of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

17. The unlawful employment practices complained of in paragraphs 14-15 above were and are intentional.

18. The unlawful employment practices complained of in paragraphs 14-15 above have been done with malice or with reckless indifference to the federally-protected rights of female manufacturing employees at LeachGarner's Attleboro, Massachusetts facility from at least January 1, 2017 to the present.

19. Since at least March 2019, LeachGarner has violated Sections 6(d)(1) and 15(a)(2) of the Fair Labor Standards Act, 29 U.S.C. §§ 206(d)(1) and 251(a)(2) (the Equal Pay Act), as female employees working as Scale Operators and Utility Operators in the Coins Department and female employees working as Machine Operators in the "GFE" Department in LeachGarner's Attleboro, Massachusetts facility were paid less than male employees in the same positions, the performance of which jobs involved substantially equal skill, effort and responsibility under similar working conditions.

20. LeachGarner's unlawful actions set forth in paragraph 19 above were and are willful.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of sex.

      B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices.

      C.     Order Defendant to make whole aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-15 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      D.     Order Defendant to pay female employees punitive damages for its malicious and reckless conduct, as described in paragraphs 14-15 above, in amounts to be determined at trial.

      E.     Order Defendant to make aggrieved female employees whole by providing appropriate backpay with prejudgment interest, in an amount to be proved at trial, and other affirmative relief to necessary to eradicate the effects of the unlawful employment practices complained of above.

      F.     Order Defendant to pay liquidated damages pursuant to 29 U.S.C. § 216 for its violations of 29 U.S.C. §§ 206(d)(1) and 251(a)(2) (the EPA) to aggrieved female employees subject to the unlawful employment practices set forth in paragraph 19 above.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: May 9, 2023

                                                  Respectfully submitted,

                                                  Gwendolyn Young Reams

Acting General Counsel

Jeffrey Burstein
Regional Attorney


/s/ Annette Lalic
Annette Lalic
Bar Registration No. 5047139
Trial Attorney
Annette.lalic@eeoc.gov

/s/Sebastian Riccardi
Bar Registration No. 4485207
Trial Attorney
Sebastian.riccardi@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5320
Facsimile: (212) 336-3623