UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>     Plaintiff,<br><br>v.<br><br>LEACHGARNER, INC. d/b/a "LEACHGARNER, A BERKSHIRE HATHAWAY COMPANY,<br><br>     Defendant. | Civil Action No. 1:23-cv-11014 |

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant LeachGarner, Inc., which is referred to sometimes colloquially as "Leachgarner, a Berkshire Hathaway Company," ("LeachGarner" or "Defendant") through counsel, hereby responds to the Complaint and Demand for Jury Trial filed by Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") as follows.

**NATURE OF THE ACTION**

The "Nature of the Action" paragraph contains Plaintiff's characterization of its claims and allegations and therefore requires no response. To the extent a response is required, Defendant denies the allegations.

**JURISDICTION AND VENUE**

1.  The allegations in Paragraph 1 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's claims.

2. The allegations in Paragraph 2 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's claims.

## PARTIES

3. The allegations in Paragraph 3 state a legal conclusion to which no response is required. To the extent a response is required Defendant denies the allegations.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCEDURES

8. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 8, but states that upon information and believe the referenced charge documents were filed more than thirty days prior to the filing of the Complaint and states that such documents speak for themselves.

9. Defendant admits that the Commission issued a Letter of Determination on November 21, 2022, and states that the document speaks for itself, but denies the remaining allegations contained in Paragraph 9.

10. Defendant admits the Commission engaged in communications with Defendant, but denies the remaining allegations of Paragraph 10.

11. Defendant admits that there was no conciliation agreement, but otherwise lacks sufficient knowledge as to the remaining allegations of Paragraph 11.

12. Defendant admits so much of this paragraph as alleges that the Commission issued a Notice of Failure of Consideration and states that the document speaks for itself.

13. The allegations in Paragraph 13 state a legal conclusion and to the extent a response is required, denies the allegations in Paragraph 13.

## STATEMENT OF CLAIMS

14. Defendant denies the allegations in Paragraph 14 including subsections (a) through (d).

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

## REQUESTS FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief paragraph.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to a jury trial in this action.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part because at all times Defendant acted in good faith consistent with applicable law.

### THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as may become available to them during the course of this litigation and reserves its right to amend this Answer to assert any affirmative defenses not presently known to it.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a valid claim for punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any employees have suffered any legally cognizable injuries, damages, or harm, which Defendant denies, its claims are barred, in whole or in part, because at all relevant times Defendant has operated their business in compliance with applicable laws and regulations.

### SIXTH AFFIRMATIVE DEFENSE

Any disparity between the rate of pay of any female employee and the rate of pay of any male employed by Defendant was based on a factor other than sex.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent any of Plaintiff's allegations have not specifically been denied above, they are hereby denied by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

All or some of Plaintiff's and/or Claimants' claims may be barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

To the extent the EEOC seeks to recover for alleged discrimination which occurred more than 300 days before the underlying filed EEOC charges, such claims are time-barred and should be dismissed.

**TENTH AFFIRMATIVE DEFENSE**

EEOC failed to conciliate in good faith with Defendants, in violation of 42 U.S.C. § 2000e-5.

WHEREFORE, Defendant respectfully requests that this Court:

(a) dismiss the Complaint in its entirety;

(b) enter judgment for Defendant on all claims against it;

(c) award Defendant its costs and attorneys' fees, as appropriate; and

(d) grant such other relief as the Court deems just and proper.

Respectfully Submitted,

Defendant, LEACHGARNER, INC.

By its attorneys,

*/s/ Matthew D. Freeman*
Matthew D. Freeman, BBO #664355
Richard J. Mrizek (pro hac vice pending)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025
(617) 367-2155 (fax)

Dated: July 20, 2023

## CERTIFICATE OF SERVICE

      This hereby certifies that on this 20th day of July 2023 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail and first-class mail to non-registered participants.

*/s/ Matthew D. Freeman*
Jackson Lewis, PC

4854-2043-3263, v. 2