UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>    Plaintiff,<br><br>v.<br><br>LEACHGARNER, INC. d/b/a "LEACHGARNER, A BERKSHIRE HATHAWAY COMPANY,<br><br>    Defendant. | Civil Action No. 1:23-cv-11014-JEK |

### PLAINTIFF EEOC'S MOTION TO COMPEL DEFENDANT LEACHGARNER TO PRODUCE RESPONSIVE DOCUMENTS AND INTERROGATORY RESPONSES

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.1, Plaintiff Equal Employment Opportunity Commission ("EEOC") moves to compel LeachGarner to produce documents and interrogatory responses. The EEOC issued discovery requests on November 8, 2023, and now nearly three months later, Defendant LeachGarner, Inc. ("LeachGarner" or "Defendant") has produced only one, incomplete Excel spreadsheet. LeachGarner has failed to meet numerous discovery deadlines of its own choosing and has failed to address deficiencies in its production after multiple meetings.

In this lawsuit, the EEOC alleges that LeachGarner engaged in a pattern or practice of segregating its female production employees into lower paying positions than its male employees and paying its female employees less than comparable male employees at its Attleboro Massachusetts facility in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Compl. ¶ 14-15. The complaint seeks relief for this discrimination going back to January 1, 2017, and alleges that the illegal pattern or practice of discrimination is ongoing. *Id.* at 14 ("Since at least January 1, 2017, and continuing through the present . . . LeachGarner has engaged in . . . in a

1

pattern or practice of paying female manufacturing employees less than male manufacturing employees despite such female manufacturing employees performing similar work.").

On October 11, 2023, the Court granted the EEOC's motion to bifurcate the proceedings for discovery and trial. ECF. No. 21. Pursuant to the Bifurcation Order, Phase I discovery is focused on the class-wide pattern or practice issues. *See id.*; ECF No. 22-1 at ¶ A.2.ii.

Currently in Phase I discovery, the EEOC seeks documents and information necessary to establish that LeachGarner is engaging in the pattern or practice of pay discrimination alleged in the complaint. To that end, EEOC requested documents and propounded interrogatories relating to LeachGarner's employment policies, job titles, pay practices, and hiring.

As set forth in more detail in the EEOC's Memorandum of Law, LeachGarner has failed to provide the following:

- LeachGarner has failed to produce over 1,000 responsive documents that its counsel said to have in its possession and agreed to disclose over two weeks ago;

- LeachGarner has categorically refused to search for or produce any documents or information from before 2017 or after August 2023;

- LeachGarner has failed to search for or provide documents related to a "near identical" wage discrimination investigation by the Department of Labor;

- LeachGarner has failed to search for or produce training materials, user manuals, or other documents related to the operation of the machines used in its production process as requested in the EEOC's Request for Production No. 29;

- LeachGarner refused to answer Interrogatories 2, 5, and 9, which seek information regarding LeachGarner's organizational structure, pay practices, and a list of the staffing agencies from which LeachGarner obtains its employees;

- .LeachGarner has failed to properly answer Interrogatory 6 regarding information

about each of LeachGarner's production job titles and Interrogatory 7 which seeks a description of all of the factors other than sex that were used by LeachGarner to set pay.

Based on Defendant's failure, the EEOC asks that this Court GRANT its motion to compel and order LeachGarner to produce the requested discovery. Additionally, pursuant to Fed. R. Civ. P 37(a)(5)(A), the Court should award the EEOC reasonable attorney fees for making this motion. Finally, because of LeachGarner's unjustifiable delays in producing discovery, the EEOC requests that all discovery deadlines be extended by three additional months.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), EEOC respectfully requests oral argument.

Dated: February 8, 2024
New York, New York

Respectfully submitted,

*/s/ Sebastian Riccardi*
SEBASTIAN RICCARDI
Senior Trial Attorney

*/s/ Annette M. Lalic*
ANNETTE M. LALIC
Trial Attorney

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Telephone No.: 929-506-5340
Email:  sebastian.riccardi@eeoc.gov
             annette.lalic@eeoc.gov

3

**LOCAL RULE 7.1 CERTIFICATION**

Counsel for EEOC conferred with LeachGarner's counsel in a good faith attempt to resolve or narrow the issues involved in this motion.

/s/ *Sebastian Riccardi*
SEBASTIAN RICCARDI

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Sebastian Riccardi*
SEBASTIAN RICCARDI